IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**ROBERT TYLER, JR.**                                                        **PETITIONER**

V.                                                              NO. 2:10CV038-D-S

**STATE OF MISSISSIPPI, et al.**                                       **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Robert Tyler, Jr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

Robert Tyler, Jr. was found guilty of sexual battery by a jury of his peers in the Desoto County Circuit Court. Tyler was sentenced to thirty years imprisonment in the custody of the Mississippi Department of Corrections. Tyler appealed his conviction and sentence. On March 22, 2005, the Mississippi Court of Appeals affirmed the verdict and sentence. *See Tyler v. State*, 911 So.2d 550 (Miss. App. 2005). His subsequent motion for rehearing was denied. He filed a petition for certiorari to the State Supreme Court which was denied on September 22, 2005. Tyler did not seek a writ of certiorari from the United States Supreme Court.

On September 14, 2007, Tyler filed an application for leave to seek post-conviction relief in the State Supreme Court. The application was granted on December 7, 2007, and the matter was remanded to the trial court for a hearing. Following a hearing, Tyler's claims were denied. An appeal was perfected and the decision of the trial court was affirmed.

With the assistance of counsel, Tyler filed the instant petition on March 5, 2010. The Respondents filed a motion to dismiss claiming that Tyler's petition is barred by the one-year statute of limitations and, further, tolling is not applicable.

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas

corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

According to the Respondents' motion to dismiss, the statute of limitations for bringing a federal habeas petition challenging a state conviction as applied to Tyler begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final 90 days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Bulter v. Caine*, 533 F.3d 314, 317 (5th Cir. 2008).

Attempting to avail himself of the "factual predicate" exception in § 2244(d)(1)(D), Tyler argues that the that the statute of limitations did not begin to run until June, 2007, when he

discovered the basis of his claims. Specifically, Tyler relies upon an affidavit from his father. In the sworn statement, the senior Tyler claimed to have witness the trial judge's alleged "improper communication" to the deadlocked jury.[1] The Petitioner also submitted an affidavit along with his response to the motion to dismiss. Of particular interest is paragraph "9," which states in part,

> On appeal, I hired Attorney Thomas Lowe, Jr. who visited me on about two (2) occasions to discuss the case. I explained to him about the hung jury and that neither I nor Mr. Walls was present when the judge instructed the deadlocked jury.

Unless he was granted an extension of time, Tyler's direct appeal was filed within thirty days from July 22, 2003, the date judgment was entered. *See* MRAP 4(a). According to his statement quoted above, at the time of the appeal, Tyler was aware of and discussed with counsel the trial judge's instruction to the deadlocked jury.[2] If Tyler's argument is convincing, then his petition would be timely.

The "factual predicate" exception in § 2244(d)(1)(D) expressly requires the petitioner to exercise "due diligence" in discovering his claims. The statute of limitations begins to run under Subpart D when the factual predicate of the claim or claims *could have* been discovered. *Id.* The diligence required is "reasonable diligence" not "maximum feasible diligence." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). The test of due diligence is objective, not subjective. *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008) (citing *Wood v. Spencer*, 487 F.3d 1, 5 (1st Cir. 2007)). The test allows for reasonably discoverable knowledge to be imputed to the petitioner. *Id.* The Fifth Circuit has recognized that "the essential question is . . . whether the petitioner should be expected to take actions which would lead him to the information." *Starns*, 524 F.3d at 618 (citing *Wilson v. Beard*, 426 F.3d 653, 662 (3d Cir. 2005)).

---

[1] Tyler's father stated that when the trial judge was handed a note indicating that the jury was deadlocked, he, the trial judge, then told the bailiff to "tell them that they are to go back and not come out until they reach a verdict." Robert Tyler, Sr. further explained that neither defense counsel or the defendant, his son, were present in the courtroom at the time.

[2] Tyler explains that although he was aware of the judge's instruction to the jury out of his presence, he was not aware of how that instruction was communicated to the jury that is through the bailiff.

3

Tyler claims that he could not have known about the trial judge's alleged improper instruction prior to June 2007. While admittedly not present for the announcement and instruction, Tyler was made aware of the deadlock jury and that the jury was instructed in his absence. In fact, the issue was raised in post-trial motions. Tyler claims, however, that since he was absent and there was no transcribed recording of the event, he could not have known that the judge instructed the jury through the bailiff. Furthermore, his father did not mention that he had witnessed all of this until June of 2007 when Tyler with the assistance of counsel began investigating issues to be raised in state post-conviction proceedings.

These facts and Tyler's own averments show a lack of diligence and defeat his claim. Despite his absence from the court when the trial judge instructed the deadlocked jury, Tyler was later made aware of what transpired without great detail. At that point, Tyler was on notice and had a duty to make further reasonable investigation of the circumstances surrounding communications between the court and the deadlocked jury that occurred in his absence. Furthermore, the fact that his father easily recalled these events years later also demonstrates that the information was reasonably discoverable with minimal inquiry.[3] In light of the an instruction given to the jury out of the presence of the defendant or his counsel and that the information was purportedly known to Tyler's father, Tyler could have discovered the facts upon which he now relies prior to the imposition of sentence. Since he failed to act diligently, he should not now be allowed to avail himself of the "factual predicate" exception to the AEDPA's one-year statute of limitations.

Having concluded that the one-year statute of limitations was not tolled by the factual predicate exception, the court will review the record to determine if Tyler's petition was otherwise timely.

---

[3] The senior Tyler's affidavit and testimony was presented to the trial court during review of the petition for post-conviction relief. The trial court found his father's testimony related to the instruction given to the deadlocked jury to be less than credible.

The Mississippi State Supreme Court denied Tyler's petition for certiorari on September 22, 2005. Since he did not seek certiorari from the United States Supreme Court, Tyler's conviction became final on December 21, 2005, the date on which seeking such review expired. *See* U.S. Sup. Ct. R. 13.1. Tyler, therefore, had one-year or until December 21, 2006, to seek federal review of his conviction and sentence or to "properly file" an application for post-conviction relief in the state court to toll the limitations period. 28 U.S.C. § 2244(d)(2).

A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.; Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). The period is tolled for the length of time the motion is pending. *Starns*, 524 F.3d at 616. Tyler did file a petition for post-conviction relief in the State Supreme Court on September 14, 2007. Since, however, the application for post-conviction relief was filed after December 21, 2006, Tyler may not take advantage of the statutory tolling provision.

Thus, to be timely, Tyler's federal habeas petition must have been filed by December 21, 2006. Tyler, however, did not file this petition until March 5, 2010. His petition was filed 1170 days beyond the expiration of the one-year limitations period.

The court has determined that Tyler is not entitled to tolling based on the factual predicate exceptions. The court also found that Tyler may not take advantage of statutory tolling because his state habeas petition was filed too late. In order to warrant equitable tolling of the one-year limitations period, § 2244(d)(1)(B)-(D), a petitioner must cite "rare and exceptional" circumstances or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir. 1999).

Tyler has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, for each of the foregoing reasons, the petition must be dismissed with prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 7th day of February, 2011

/s/ Glen H. Davidson
SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI